UNITED STATES *v*. JOSEPH FISCHER ET AL. (No. 4581) [1]

United States Court of Customs and Patent Appeals, January 6, 1948

*Paul P. Rao*, Assistant Attorney General (*Richard F. Weeks*, special attorney; of counsel), for the United States.

*Barnes, Richardson & Colburn* (*Samuel M. Richardson* and *Hadley S. King* of counsel) for appellees.

[Oral argument December 4, 1947, by Mr. Weeks and Mr. King]

Before GARRETT, Presiding Judge, and HATFIELD, JACKSON, and O'CONNELL, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Second Division, in reappraisement No. 127924–A and others which are listed in the record under "Schedule A."

Reappraisement No. 127924–A involves two invoices of steer hides, imported from Argentina and entered at the port of New York.

It was agreed by counsel for the parties in *United States v. Joseph Fischer et al.*, 32 C. C. P. A. (Customs) 62, C. A. D. 286, that reappraisement No. 127924–A was typical of all the reappraisements here involved and, as it was also agreed by counsel for the parties that the facts are the same in each, it is unnecessary that we discuss all of the reappraisements.

---

[1] C. A. D. 377.

The issues in the instant case were before us in *United States* v. *Joseph Fischer et al., supra,* in which case we held that 75 of the involved reappraisements were appraised by the local appraiser prior to the effective date (July 25, 1938) of the Customs Administrative Act of 1938, amending section 501 of the Tariff Act of 1930. We there stated:

Section 501, as amended, provides, among other things, that the trial judge of the United States Customs Court, sitting in reappraisement, '*shall in every case,* notwithstanding that the original appraisement may for any reason be held invalid or void and that the merchandise or samples thereof be not available for examination, after affording the parties an opportunity to be heard on the merits, *determine the value of the merchandise from the evidence in the entry record and that adduced at the hearing.*'

We there held that all reappraisements made prior to the effective date of the Customs Administrative Act, amending section 501 of the Tariff Act of 1930, where no evidence was introduced by the importer, it was proper for the trial court sitting in reappraisement to dismiss the appeals for reappraisement, thus in effect affirming the appraisements by the local appraiser which, under section 501 of the Tariff Act of 1930, were made presumptively correct. We further held that it was the duty of the trial court in all appraisements made by the trial judge subsequent to the enactment of that act, although no evidence was submitted at the trial, "to determine the value of the merchandise covered by those appraisements from 'the evidence in the entry record'."

We there discussed fully the statute regarding the issues there presented and, accordingly, modified the judgment of the appellate division of the Customs Court, reversing it "so far as it held that the trial court erred in dismissing the 75 reappraisement cases in which the merchandise had been appraised by the local appraiser prior to the effective date of the amendment of section 501 of the Tariff Act of 1930, and in all other respects affirmed * * *." Accordingly, the cause was remanded for proceedings consistent with the views expressed in our opinion.

The judgment entered in this court was in exact conformity with the opinion thus rendered.

It may be said that the only other issue presented to this court in that case was whether 'so-called wet or green hides,' shipped from Argentina and entered at the port of New York, and which had become dried and shrunken to some extent during the voyage, and "admittedly of a greater unit value than the hides invoiced and shipped," were properly appraised and reappraised at their value in the foreign market on the date of shipment, and not the value of the hides at the time of importation. We there stated:

We are of opinion that, although the values returned by the local appraiser may not be correct, he had the authority to appraise the merchandise *in its condition* as imported in the unit of quantity in which such or similar merchandise

is usually bought and sold in the country of exportation by estimating the shrinkage thereof from the time of exportation to the time of importation, if, by so doing, the dutiable values might be properly ascertained. We know of no statute or regulation which prohibits such action on the part of the appraiser. Furthermore, there is nothing whatsoever in the record to indicate that the values returned by the appraiser are not the proper dutiable values of the merchandise.

Subsequent to our decision and judgment in that case, the appellate division of the Customs Court rendered the following judgment:

It is hereby ordered, adjudged, and decreed that as to the appeals listed in schedule A, hereto attached and made a part hereof, the judgment of this court reported in R. D. 5881 be, and the same is hereby, affirmed and made the final judgment of this court;

It is further ordered, adjudged, and decreed that as to the appeals listed in schedule [sic] B, hereto attached and made a part hereof, the judgment of this court be, and the same is hereby, reversed, and the case is remanded to the trial court with instructions to find a value for the merchandise covered by the appeals listed in said schedule A, and to dismiss the appeals listed in said schedule B, in accordance with the decision and judgment of the appellate court in this case.

It is evident from the judgment rendered by the appellate division of the Customs Court that it was not in conformity with the decision and judgment of this court. We did not have before us any appeals listed as "Schedule B," as stated in the judgment of the appellate division of the Customs Court.

In the brief of counsel for appellee in the preceding case, *United States* v. *Joseph Fischer et al., supra*, it was stated that "This appeal does not comprehend the cases listed in Schedule B which appeared not to have been appraised at all." Therefore, anything stated in the opinion of the appellate division of the Customs Court regarding our decision as to the appraisements in "Schedule B" is contrary to our decision and judgment.

It appears from the record in the instant case that in conformity with our decision and judgment, the trial court found, from the record, no evidence having been introduced by the importer, that the appraised values were correct. There is nothing of record to indicate to the contrary.

It may be stated, furthermore, that in our judgment and remand we did not order a new trial but limited the same to findings of fact by the trial judge, in accordance with the Customs Administrative Act of 1938, amending section 501 of the Tariff Act of 1930. Had we intended to order a new trial in the case we would have said so.

At the time the involved merchandise was appraised by the local appraiser, Article 776–H of the Customs Regulations of 1937 provided that

If the appraised value be not the same as the entered value, the appraiser's return on the face of the invoice should be a direct statement of his appraisement, and not an expression of differences between appraised and entered values.

It may be observed in this connection that there was no issue raised by the assignment of errors before the appellate division of the Customs Court relating to the provisions of the regulations hereinbefore quoted.

The appellate division of the Customs Court, although that issue was not raised by the assignment of errors before it, held, Judge Cole dissenting, that it was the duty of the appraiser to indicate the basis of his appraisement; that is, whether it was foreign, export, United States value, or cost of production, as defined by section 402 (c), (d), (e), and (f) defining foreign value, export value, United States value, and cost of production, respectively; and that, as the appraiser did not do so in the instant case and, as the trial judge merely found the values ascertained by the appraiser, the trial judge's judgment was erroneous and should be, and was, accordingly, reversed. That issue was not presented to this court by the assignment of errors or by a cross appeal in the case of *United States* v. *Joseph Fischer et al., supra,* and, accordingly, we expressed no opinion in regard thereto.

It is obvious from what has been said that the judgment and remand of the appellate division of the Customs Court is not in conformity with the judgment of this court. Accordingly, its judgment in the instant case is *reversed*, and the cause is *remanded* with instructions to affirm the decision of the trial court, so far as it relates to the reappraisements herein involved.